# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Jason E. White, | ) | CASE NO. 1:20 CV 731 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Lyneal Wainwright, | ) | Memorandum of Opinion and Order |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg, which recommends denial of petitioner's Petition for Writ of Habeas Corpus. (Doc. 13). Petitioner has filed objections to the recommendation. (Doc. 14). For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." If there are no objections, the Advisory Committee Notes to Federal Rule of Civil Procedure 72(b) state that "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

1

**Discussion**

Petitioner admitted to killing his wife by shooting her in the head. He waived his right to a jury trial. After a bench trial focused solely on the issue of whether the killing involved prior calculation and design, the trial court found Petitioner guilty of one count of aggravated murder, one count of murder, and two counts of felonious assault. He was sentenced in October 2017 to an aggregate term of 23 years to life in prison. The convictions were affirmed on direct appeal, although the sentences were modified. The Ohio Supreme Court declined to accept jurisdiction in January 2019.

Petitioner then filed the pending Petition which raises four grounds for relief:

GROUND ONE: Defendant was denied due process of law when the court admitted all of the unrelated weapons that were found in the house.

GROUND TWO: Defendant was denied due process of law when the court found defendant guilty of aggravated murder and there was insufficient evidence of prior calculation and design.

GROUND THREE: Defendant was denied Sixth Amendment right to effective assistance of counsel when no motion to suppress was filed and other omissions.

GROUND FOUR: Defendant was denied Sixth Amendment right to jury trial when the court improperly accepted a waiver of a jury trial.

The Magistrate Judge concluded that Ground One was non-cognizible because Petitioner failed to demonstrate either that the procedural ruling at issue violated due process or that a United States Supreme Court case established a due process right regarding the specific kind of evidence at issue. Petitioner did not object to the Magistrate Judge's recommendation and, therefore, this Court reviews the claim for clear error. Having found no such error, the Court accepts the Magistrate Judge's recommendation as to Ground One.

The Magistrate Judge concluded that Grounds Two and Four were procedurally

defaulted.  He noted that Petitioner failed to address the issue of procedural default in either his Traverse or his Response to Respondent's Answer, and thus waived any argument as to cause and prejudice or actual innocence.  However, Petitioner's objections to the Report and Recommendation argue that there is cause to excuse his procedural default of Ground Two.  "[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. U.S.*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000).  Here, the "compelling reason" Petitioner offers for belatedly seeking to establish cause to excuse his procedural default is that he was hindered by "the limitations of COVID lockdowns in prison and their effects on legal endeavors."  Even assuming this reason is compelling enough to excuse Petitioner's waiver, he fails to establish cause and prejudice.

Although Petitioner raised Ground Two to the state appellate court, he failed to raise it to the Ohio Supreme Court.  As cause for the default, Petitioner contends that he "did not have the materials needed" to present his petition to the Ohio Supreme Court and that his "medical condition" prevented him from doing so.  But, Petitioner does not explain how these impediments establish cause.  Even if he did so, Petitioner fails to address prejudice and, therefore, does not overcome the procedural default.

Petitioner raised Ground Four to both the state appellate court and the Ohio Supreme Court.  The state appellate court, however, found that Petitioner failed to adequately plead the claim under Ohio Appellate Rule 16(A)(7), which has been found to be an adequate and independent state rule upon which the state may foreclose federal habeas review. Petitioner's objections do not address cause and prejudice excusing his default of Ground Four.  Having

found no clear error, the Court agrees that Ground Four is procedurally defaulted.

The Magistrate Judge found that Petitioner fairly presented Ground Three to the Ohio Supreme Court. However, he concluded that the claim fails because the state appellate court reasonably determined trial counsel was not ineffective. Ground Three asserts that Petitioner's trial counsel was ineffective for failing to file a motion to suppress and failing "to obtain psychiatric evaluation" or present a mental health treatment record to the trial court.

Petitioner only objects to the mental health aspect of this claim. The Court agrees with the Magistrate Judge's conclusion as to the remainder of the claim. Petitioner would have to show that "the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (referencing 28 U.S.C. § 2254). The Court agrees with the Magistrate Judge that Petitioner fails to show that the state appellate court ruling on this issue was contrary to clearly established federal law as established in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner's assertion that his counsel failed to obtain a psychiatric evaluation is technically accurate, as his attorney retained a forensic psychologist who evaluated Petitioner and provided a report. This report was used for the purpose of mitigation at sentencing. His attorney did not attempt to introduce this report at trial, nor did he request a competency hearing because the forensic psychologist determined that Petitioner was sane and competent. Therefore, Petitioner fails to show that counsel's performance was deficient as required by *Strickland*. Nor does Petitioner attempt to address prejudice which resulted from the alleged ineffective assistance, The Court agrees with the Magistrate Judge that this claim fails on the merits.

**Conclusion**

For the foregoing reasons, the Court accepts the Report and Recommendation and denies the Petition for Writ of Habeas Corpus. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 2/2/23